IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv450
(3:04cr250-9)

| | |
|---|---|
| BARRY CHARLES BUTLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon a Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons stated below, the Petition will be dismissed.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 2004, the Grand Jury charged Petitioner and seventeen other individuals with conspiring to possess with intent to distribute at least 50 grams but less than 100 grams of cocaine powder and at least 50 grams but less than 150 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One). (Case No. 3:04cr250, Doc. No. 3: Indictment). Petitioner was also charged with three counts of possession with intent to distribute quantities of cocaine powder, and aiding and abetting those offenses, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts Twenty-Four, Twenty-Seven and Twenty-Eight); two counts of possession with intent to distribute quantities of cocaine powder and cocaine base, and aiding and abetting those offenses, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts Twenty-Nine and Thirty); and one count of possession with intent to distribute a quantity of cocaine base, and aiding and abetting that offense, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count

Thirty-One); and possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841 (Count Thirty-Two). (Id.). The Indictment further alleged that Petitioner was an organizer, leader, manager or supervisor in the subject criminal activity as defined by the United States Sentencing Guidelines §3B1.1(c). (Id.). The Indictment was superseded to specify the quantities of drugs involved in Counts Twenty-Seven through Thirty, and to clarify that Petitioner had not exercised a managerial or supervisory role in connection with Count Twenty-Four. (Case No. 3:04cr250, Doc. No. 104).

On October 6, 2004, the Government filed an Information pursuant to 21 U.S.C. § 851 alleging that Petitioner had two prior felony drug convictions and would be subject to an enhanced statutory punishment upon conviction. (Case No. 3:04cr-250, Doc. No. 15). The Information was later amended to allege three prior felony drug convictions. (Case No. 3:04cr250, Doc. No. 193).

On July 18, 2005, Petitioner agreed to plead guilty to Count One pursuant to a plea agreement. (Case No. 304cr250, Doc. No. 270: Plea Agreement ¶ 1). The plea agreement documented Petitioner's understanding that he was facing a mandatory minimum term of life imprisonment (Id. ¶ 4) and that should a statutory minimum sentence apply, "the Court shall impose a sentence no lower than that statutory minimum." (Id. ¶ 7(c)). The parties' stipulated that the amount of cocaine base for which Petitioner could be held accountable was at least 50 grams. (Id. ¶ 7(a)). The plea agreement also contained a waiver provision by which Petitioner relinquished his rights to appeal or collaterally attack his conviction and/or sentence on any ground except ineffective assistance of counsel, prosecutorial misconduct, or a sentence resulting from Guidelines determinations inconsistent with the explicit stipulations in the plea agreement. (Id. ¶ 20).

On July 18, 2005, Petitioner appeared before a magistrate judge to enter his guilty plea. The magistrate judge placed Petitioner under oath and engaged him in a lengthy colloquy to ensure that his guilty plea was knowing and voluntary. (Case No. 304cr250, Doc. No. 477: Plea Hr'g Tr. at 3). After acknowledging that he was obligated to give truthful answers, Petitioner told the Court that he understood the charge and its corresponding penalties; the consequences of entering a guilty plea; the terms of his plea agreement, including its waiver provisions; and his stipulation to involvement with at least 50 grams of cocaine base. (Id. at 3-11 ). Petitioner also admitted his guilt and expressed his satisfaction with counsel. (Id. at 8, 12 ). The magistrate judge determined that Petitioner's guilty plea was knowingly and voluntarily made and accepted the plea. (Id. at 14 ; Case No. 3:04cr250, Doc. No. 276: Entry and Acceptance of Guilty Plea at 5).

On March 30, 2006, the Court conducted Petitioner's sentencing hearing. At the outset of that proceeding, Petitioner acknowledged his guilty plea before the magistrate judge, his oath in that proceeding to truthfully answer questions, and his signing the transcript confirming that his answers at the plea hearing were true. (Case No. 3:04cr250, Doc. No. 478: Sent. Hr'g Tr. at 2). The Court found that there was a factual basis for the plea based upon the parties' stipulations, the Presentence Report, and Petitioner's guilty plea. (Id. at 3).

The Government declined to make a motion for a downward departure because Petitioner had allegedly given authorities false and unverifiable information during his debriefing. (Id. at 5-6). Defense counsel represented to the Court that Petitioner had entered into his plea agreement in anticipation of earning a downward departure motion, that a co-defendant of Petitioner's may have pled guilty because he learned of Petitioner's plan to cooperate, and that Petitioner was prepared to undergo a polygraph examination in order to verify the information which he gave to

authorities. (Id. at 7-9). In allocution, Petitioner apologized for his crimes. (Id. at 9). Ultimately, the Court imposed the statutory minimum term of life imprisonment. (Case No. 3:04cr250, Doc. No. 444: Judgment). On April 9, 2006, Petitioner timely filed his notice of appeal. (Case No. 3:04cr250, Doc. No. 433). The Fourth Circuit Court of Appeals granted the Government's a motion to dismiss that appeal. (Case No. 3:04cr250, Doc. No. 525: Order).

Petitioner timely filed the instant § 2255 Petition through counsel alleging that this Court erroneously sentenced him to life imprisonment and erroneously calculated his sentence under the Guidelines without sufficient evidence that the controlled substance was "crack," as that term is defined in §2D1.1. (Doc. 1: Mem. at 8, 11).

II.   STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs sentencing courts to promptly examine motions to vacate in order to determine whether the petitioner is entitled to any relief. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, the court must dismiss the motion.

III.   DISCUSSION

Defendants may waive their rights to contest their convictions or sentences in collateral proceedings under § 2255 "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) . In determining whether the waiver was knowingly and voluntarily made, the Fourth Circuit found in Lemaster that "a defendant's solemn declarations in open court affirming a plea agreement . . . carry a strong presumption of verity." 403 F.3d at 221 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, such declarations present "a formidable barrier in any subsequent collateral proceedings," and may be set aside only under extraordinary circumstances. Id.

4

As noted above, Petitioner waived his right pursuant to 28 U.S.C. § 2255 to challenge his sentence on any grounds except ineffective assistance of counsel, prosecutorial misconduct, or a sentence calculated in a manner inconsistent with explicit stipulations in the plea agreement. (Case No. 3:04cr250, Doc. No. 270: Plea Agreement ¶ 20). At his Rule 11 hearing, as detailed above, Petitioner swore that he understood and agreed to the terms of his plea agreement, including the waiver provision. (Id., Doc. No. 477: Plea Hr'g Tr. at 12 ). The issues raised by Petitioner implicate the Court's sentencing decisions; however, those decisions were not inconsistent with the stipulations in the plea agreement. In fact, they were consistent with them. In Paragraph 4, Petitioner acknowledged that he would receive a life sentence, and in Paragraph 7(a), he stipulated that 50 grams of cocaine base was foreseeable to him. (Id., Doc. No. 270: Plea Agreement). Therefore, pursuant to the terms of his plea agreement, that Petitioner has waived his right to raise these challenges. The Court finds that waiver was knowing and voluntary.

Even if the Court were to consider the merits of these claims, the Court would find them baseless. Petitioner did not challenge the prior convictions detailed in the 21 U.S.C. § 851 notice. Combined with the admitted drug type and quantity, the only possible statutory penalty was life imprisonment. 21 U.S.C. §§ 841(b)(1)(A), 846. Accordingly, the sentence did not run afoul of United States v. Booker, 543 U.S. 220 (2005) (guidelines must be treated as advisory), or Apprendi v. New Jersey, 530 U.S. 466 (2000) (facts increasing maximum sentence must be admitted by defendant or found by jury). Similarly, Petitioner admitted in the plea agreement, in his plea hearing, and in the sentencing hearing that the offense involved cocaine base; plus he did not contest that information in presentence report. No additional evidence was required for the Court to apply the statutory penalty for cocaine base.

IV. CONCLUSION

The Court has considered the Memorandum submitted by Petitioner along with the entire record of this matter and finds it clear that he is not entitled to proceed with his claims.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Petition (Doc. No. 1) is **DENIED** and **DISMISSED**; and

(2) pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (when court denies relief on procedural grounds a certificate of appealability "should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.")

Signed: September 11, 2010

Robert J. Conrad, Jr.
Chief United States District Judge