UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-364-RJC
(3:04-cr-250-RJC)

| | |
|---|---|
| BARRY CHARLES BUTLER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the motion will be dismissed as successive.

I.     BACKGROUND

On March 30, 2006, the Court sentenced Petitioner to life imprisonment based on his guilty plea to conspiracy to possess with intent to distribute at least 50 grams of cocaine base (Count One of the Superseding Indictment) following at least two prior felony drug offenses. (Case No. 3:04-cr-250, Doc. No. 104: Indictment; Doc. No. 193: Information pursuant to 21 U.S.C. § 851; Doc. No. 270: Plea Agreement; Doc. No. 276: Acceptance and Entry of Guilty Plea; Doc. No. 444: Judgment at 1-2). The Fourth Circuit granted the Government's motion to dismiss Petitioner's appeal based on the waiver in his plea agreement. United States v. Butler, No. 06-4355 (4th Cir. Dec. 21, 2006).

On September 30, 2008, Petitioner, through counsel, filed a § 2255 motion challenging the life sentence for lack of proof at sentencing the controlled substance was "crack" and for not

1

departing from the advisory guideline range. (Case No. 3:08-cv-450, Doc. No. 1: Motion at 11-12). On September 13, 2010, the Court found Petitioner had waived those issues in his plea agreement by stipulating to the type and quantity of drugs reasonably foreseeable to him and by limiting his right to collateral attack to claims of ineffective assistance of counsel, prosecutorial misconduct, or a sentence contrary to stipulations in the plea agreement, (Id., Doc. No. 3: Order at 5), and denied and dismissed the § 2255 motion. Petitioner did not appeal.

On July 14, 2014, Petitioner filed the instant § 2255 motion claiming that two prior felony North Carolina convictions no longer qualify to enhance his sentence in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 1 at 4).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

There is no mention in the instant motion that Petitioner first secured the necessary authorization from the Fourth Circuit to file a second, successive motion under § 2255, nor is there any indication of such in the record. In fact, the Fourth Circuit denied authorization under 28 U.S.C. § 2244 to file a successive § 2255 motion raising a <u>Simmons</u> claim. (<u>In re Butler</u>, No. 12-260, Doc. No. 2: Motion; Doc. No. 4: Order). Therefore, the Court is without jurisdiction to consider it. <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003).

IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate, (Doc. No. 1), is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 18, 2015

Robert J. Conrad, Jr.
United States District Judge